UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO. 26-80784-CIV-CANNON/McCabe

MURRAY FRANK,

Plaintiff,

v.

SHALIK THORN CPAS LLP d/b/a SHALIK THORN LLP, MATTHEW THORN, and JONATHAN SHALIK,

Defendants.
_________________________________/

**PLAINTIFF'S OMNIBUS STATUS REPORT AND NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Murray Frank, through undersigned counsel, files this Omnibus Status Report and Notice of Voluntary Dismissal Without Prejudice in response to the Court's Order to Serve [ECF No. 10] and under Federal Rule of Civil Procedure 41(a)(1)(A)(i), and states:

## I. Status of Service

Plaintiff filed this action on June 30, 2026 [ECF No. 1]. The Clerk issued summons for all three Defendants on July 1, 2026 [ECF No. 3]. On August 31, 2026, the Court ordered Plaintiff to perfect service and file proof of service, or to show cause why the case should not be dismissed as to any unserved party, by September 28, 2026 [ECF No. 10].

Plaintiff has served Defendant Shalik Thorn CPAS LLP d/b/a Shalik Thorn LLP. Plaintiff has not served the individual Defendants, Matthew Thorn and Jonathan Shalik. Plaintiff's process server attempted service on Mr. Shalik on July 14, 2026, at a residential address in Fresh Meadows, New York. The occupant stated through the intercom that neither the individuals nor the company were known at that address. Plaintiff suspended further service efforts for the reason stated below.

## II. The Arbitration Agreement

In August 2026, counsel for Defendant Shalik Thorn CPAS LLP contacted undersigned counsel and advised that Plaintiff had signed an employment agreement containing an arbitration clause. On September 11, 2026, defense counsel produced the agreement, dated December 27, 2024, which requires arbitration of Plaintiff's claims before JAMS. Plaintiff has reviewed the agreement and confirmed his signature. Rather than litigate the enforceability of the clause, Plaintiff has elected to pursue his claims in arbitration. Defense counsel has advised that the dismissal of this action in favor of arbitration is agreeable to his client.

## III. Notice of Voluntary Dismissal

No Defendant has served an answer or a motion for summary judgment. Plaintiff therefore may dismiss this action without a court order by filing a notice of dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i). Plaintiff gives notice that he voluntarily dismisses this action, in its entirety and as to all Defendants, without prejudice. Plaintiff has not previously dismissed any federal or state court action based on or including the same claims. The dismissal is therefore without prejudice under Rule 41(a)(1)(B).

This dismissal is not a settlement or compromise of Plaintiff's claims under the Fair Labor Standards Act. No consideration has been exchanged. Plaintiff will present his claims in arbitration before JAMS.

This notice is effective upon filing and requires no further order of the Court. It moots the Order to Serve [ECF No. 10] and the deadlines set in the Court's FLSA scheduling order [ECF No. 5]. Plaintiff respectfully requests that the Court stay this action pending the result of arbitration or in the alternative for the Clerk close this case.

Dated: September 28, 2026.

Respectfully submitted,

By: /s/ Peter Michael Hoogerwoerd
Peter Michael Hoogerwoerd
Florida Bar No. 188239
pmh@rgph.law
**REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd
Coral Gables, Florida 33134
Telephone: (305) 416-5000

*Counsel for Plaintiff*